IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:09-cv-02108-WDM-MJW

LARRY AND BARBARA SAVARD,

Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.; and MICHELLE A. MILLER, as Public Trustee for Park County, Colorado,

Defendants.

---

## STIPULATED PROTECTIVE ORDER  (Docket No 30-2)

Plaintiffs Larry and Barbara Savard and Defendant JPMorgan Chase Bank, N.A. ("JPMC") having hereby stipulated to entry of this Order, and the Court finding good cause pursuant to Fed. R. Civ. P. 26(c):

**IT IS HEREBY ORDERED:**

1.  This Stipulated Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

#201998 v1 csp

2. As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34. A draft or non-identical copy is a separate document within the meaning of this term.

3. Confidential documents, materials, and information (collectively, the "Confidential Information") shall not be disclosed or used for any purpose except the preparation and trial of this case. The duty to keep confidential information confidential survives the completion of this case.

4. Information designated "Confidential" shall include confidential personal information of Plaintiffs and confidential and proprietary information of JPMC. As a condition of designating documents for confidential treatment, the documents must be reviewed by a lawyer and a good faith determination must be made that the documents are entitled to protection.

5. A party designating documents as Confidential Information shall do so, when practicable, by marking such material with the legend "Confidential." If it is not practicable to mark such material with the legend "Confidential," a party may instead designate the documents as Confidential Information in writing with a specific description enabling the parties and Court to determine the referenced documents (*e.g.*, by Bates Nos.).

6. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. The parties recognize that Confidential Information may include, but is not limited to, private, non-public information about the Plaintiffs as well as sensitive and non-public information and records of JPMC concerning its loan-origination procedures, criteria, and decision-making processes.

8. All Confidential Information designated "Confidential" may be reviewed only by the following persons:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

    c. the parties, including Plaintiffs and Defendants' representatives and any designated advisory witnesses who are directly assisting said attorneys in the preparation of this case;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. the Court, jurors and/or court staff in any proceeding herein;

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. witnesses during the course of their testimony and in preparation for testimony; and

    h. other persons by written agreement of the parties.

9. Before the parties or their counsel may disclose any Confidential Information to persons contemplated by Subparagraphs 8(d), 8(g) and 8(h) of this Stipulated Protective Order, other than a witness during his or her testimony, such person shall be orally advised that a Court Order prohibits such person from discussing or reviewing said information except for the purpose of providing testimony at a deposition, hearing or trial. In the event any counsel of record determines that persons other than those provided for in Paragraph 8 above have a need to review any Confidential Information, written authorization of the party who produced the Confidential Information must be obtained in advance of such disclosure. Should the party who produced the Confidential Information refuse such authorization, counsel may apply to the Court for authorization.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party that designated the disputed information and all other parties to the civil action through their attorneys of record. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party making the designation of the information as Confidential Information to file an appropriate motion within eleven (11) days of the end of the above-described ten-day period requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Stipulated Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

11. Before filing any Confidential Information, the parties will follow procedures established by applicable rules of civil procedure or the Court for requests to file documents under seal. See P.C Colo.LCivR. 7.2.

12. The duty to keep confidential any information or documents designated as confidential survives the completion of this case. Within thirty (30) days after the conclusion of this litigation, unless other arrangements are agreed upon, each document and copies thereof which have been designated as CONFIDENTIAL shall be returned to the designating party or, if requested by the designating party, destroyed, except that counsel of record may keep a set of the documents solely for their files. Moreover, copies of all deposition transcripts referring to the CONFIDENTIAL documents shall be sealed by counsel and shall be subject to the terms and provisions of this Protective Order.

13. Nothing in this Protective Order precludes a party from making any use of documents that were rightfully in its possession at the beginning of this lawsuit.

14. The parties shall have the right to seek modification of this Order from the Court upon showing of good cause.

By the Court:

_____  1/25/10
United States Magistrate Judge

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

Respectfully submitted this 22nd day of January, 2010.

s/ Eric Bentley
ERIC BENTLEY
Holme Roberts & Owen LLP
90 South Cascade Avenue, Suite 1300
Colorado Springs, CO 80903
Telephone: 719-473-3800
Facsimile: 719-574-8060
E-mail: eric.bentley@hro.com
ATTORNEY FOR DEFENDANT JPMORGAN CHASE BANK, N.A.

s/ John G. Nelson
JOHN G. NELSON
Law Office of John G. Nelson
1624 Market Street, Suite 202
Denver, CO 80202
Telephone: 303-376-6227
ATTORNEY FOR PLAINTIFFS

#201998 v1 csp

6