IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 09-cv-2108-WDM-MJW

LARRY AND BARBARA SAVARD,

    Plaintiffs,

v.

JP MORGAN CHASE BANK, N.A.; and
MICHELLE A MILLER, as Public Trustee for Park County, Colorado,

    Defendants.

## ORDER

Miller, J.

This matter comes before me on Defendant, JP Morgan Chase Bank, N.A.'s ("JP Morgan") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4), (5), and (6). ECF No. 5. Upon review of the motion, as well as the response and reply thereto, I conclude that oral argument is not required. For the reasons that follow, the motion is denied in part and granted in part.

### BACKGROUND

In 2003, Mr. and Mrs. Savard purchased real property located at 217 North Hill Drive, Bailey, Colorado ("Property") as joint tenants. Compl. ¶ 7, ECF No. 2. In April 2007, the Savards applied to Washington Mutual Bank to refinance the loan on the Property. *Id.* at ¶ 8. Eventually, the loan was transferred or assigned to JP Morgan. *Id.* at ¶ 19.

The loan was described in the Uniform Residential Loan Application (Form 1003),

prepared by the lender, as a thirty-year, fixed-rate mortgage with an interest rate of 7.25 percent per annum. The Good Faith Estimate, also prepared by the lender, was different. It described the loan as a Flex-5 Option Adjustable Rate Mortgage with an average percentage rate of 7.5 per annum. *Id.* at ¶ 11. The Savards were presented with the Adjustable Rate Note at closing. *Id.* The payment on the mortgage was $6,728.67 per month, which exceeded the Savards' monthly income. *Id.* at ¶¶ 12, 13, and 14. The lender structured the loan to give the Savards $159,803 in cash at closing from which the Savards planned to pay the Mortgage until they could sell the Property. *Id.* at ¶ 15.

JP Morgan instituted foreclosure proceedings by filing a Motion for Order Authorizing Sale in the District Court for the City and County of Denver pursuant to Colo. R. Civ. P. 120. Compl. ¶ 20, ECF No. 2. The Savards sent a Notice of Intent to Rescind to the lender on April 7, 2009, to the appropriate address. *Id.* at ¶ 21. They received no response to the notice. *Id.* On July 7, 2009, the Savards filed their Complaint in Park County District Court. The Public Trustee for Park County, Colorado set a foreclosure sale for July 15, 2009. *See id.* at ¶ 22. Before the date of the sale, the Savards filed a Motion for Temporary Restraining Order and a Motion for Preliminary Injunction to prevent the sale. On July 13, 2009, the court held a hearing at which it granted both of the Savards' motions. Counsel for JP Morgan appeared for purposes of the hearing only. *See* Temporary Restraining Order and Preliminary Injunction at ¶ D. The case was removed to this court on September 3, 2009. *See* ECF No. 1.

On September 10, 2009, JP Morgan filed this motion. JP Morgan claims that I do not have jurisdiction over it because the Savards have failed to properly serve the

2

Summons and Complaint. It also claims that the statute of limitations on the Savards' Third Cause of Action for damages had expired before the Complaint was filed. Finally, JP Morgan claims that the Savards should be denied the remedy of rescission, absent their being able to repay the amount of the loan. The Savards state that service of process was unnecessary under the circumstances of this case; or in the alternative, that they had 120 days in which to serve process, that the statute of limitations had not run on their damages claim when they filed the Complaint, and that the remedy of rescission is available to them, without condition. Service of process on JP Morgan was effected on November 10, 2009 at 2:40 p.m. ECF No. 16 at 2.

## STANDARD OF REVIEW

"Rules 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process." *Whitsell v. United States*, 198 F.3d 260, 260 (10th Cir.1999) (citing Fed. R. Civ. P. 12(b)(4), 12(b)(5)). Rule 4(h)(1)(A) provides that a corporation or association must be served according to state law or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process. . . ." *See* Fed. R. Civ. P. 4(h)(1)(B).

"A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery." *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan.1994) (citation omitted). *See United States v. Sharon Steel Corp.*, 681 F. Supp. 1492, 1499 n. 14 (D. Utah 1987). "A Rule 12(b)(5) motion is the proper vehicle for challenging" the sufficiency of the service of process, *i.e.*, "the mode of delivery or lack of delivery of the summons and

complaint." *See* 5B *Fed. Prac. & Proc. Civ. 3d* § 1353 (2008 Supp.). "In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a *prima facie* case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over defendant." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan.2008).

"The party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (internal citations and quotations omitted). Where a plaintiff does not meet this burden, a court may dismiss for failure to properly serve or it may quash the process without dismissing the action and give the plaintiff an opportunity to re-serve the defendant. *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n. 2 (10th Cir.1983) (citing 5 C. Wright & A. Miller, *Fed. Prac. & Proc.* § 1354, at 586–87 (1969)).

JP Morgan also seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. If Plaintiffs have not pled "enough facts to state a claim to relief that is plausible on its face," the complaint must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colo. Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (When ruling on a motion

to dismiss, the court shall accept all factual allegations set forth in the complaint as true.).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*). Under *Iqbal,* a court considering a motion to dismiss may first identify allegations that are no more than conclusions, and therefore not entitled to the assumption of truth. *Iqbal* at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Then, the court may examine the well-pleaded factual allegations and determine, assuming their veracity, "whether they plausibly give rise to an entitlement to relief." *Id*.

It is not the court's role to weigh potential evidence that the parties might present at trial, but rather, to determine whether the plaintiff's complaint states a legally sufficient claim upon which the court can grant relief. *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir.1999). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all reasonable inferences must be resolved in the plaintiff's favor. *Marino v. Mayger*, 118 Fed. Appx. 393, 398 (10th Cir. 2004) (citing *Bachman v. West High Sch.*, 132 F.3d 542, 550 (10th Cir.1997)).

## DISCUSSION

A.   Judicial Notice

As an initial matter I consider whether to take judicial notice of pleadings,

motions, and orders from the District Court, County of Park, Colorado, Case No. 09 CV 194. "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. . . . This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record. " *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citing *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000). The documents may only be considered to show their contents, not to prove the truth of matters asserted therein." *Id.* (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)). Accordingly, I take judicial notice of all pleadings, motions and orders from the District Court, County of Park, Colorado Case No. 09CV194.

B.     Personal Service

The parties engage in a debate over whether Defendant generally appeared by participation in the temporary restraining order hearing or in the notice of removal. Rather than engage in that analysis, I will first determine whether JP Morgan was properly and timely served in November 2009.

JP Morgan claims that the Savards did not serve the summons and complaint on an officer, managing or general agent, registered agent or any other agent authorized by appointment or law to receive service of process as required by Fed. R. Civ. P. 4(h). Motion at 3. Ultimately, service was accomplished on November 10, 2009 at 2:40 p.m. on a qualified individual. *See* Affidavit of Service of Summons and Complaint (ECF No. 16).

Now, the question is whether service was timely. Under Colorado rules, the plaintiff is not time limited for service of the summons and complaint. *See* Colo. R. Civ.

P. 4 (providing procedures for service of summons and complaint, including substituted service) and 121 (local rules of civil procedure).

When the case was removed to this court on September 3, 2009, it came under the Federal Rules of Civil Procedure. *Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514 (D.C. Md. 1998) (citing Wright & Miller, 4B *Fed. Prac. & Proc.* § 1137 (state law governs before removal and federal law governs after removal)). Rule 4(m) of the federal rules requires that service of the summons and complaint be accomplished within 120 days after the complaint is filed in the federal court to avoid dismissal of the action without prejudice. In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court. *See Eccles.*, 10 F. Supp. 2d at 519 (citing Wright & Miller, 4B *Fed. Prac. & Proc.* § 1137). One hundred twenty days from September 3, 2009 was January 1, 2010. Service of process on November 10, 2009 was therefore timely under Fed. R. Civ. P. 4(m). *See* ECF No. 16.

I find that service of process was proper under Fed. R. Civ. P. 4(m). Accordingly, I shall deny JP Morgan's motion to dismiss on the basis of insufficient process and insufficient service of process under Fed. R. Civ. P. Rules 12(b)(4) and 12(b)(5).

    C.    <u>Fed. R. Civ. P. 12(b)(6)</u>

JP Morgan claims that the Savards' Third Cause of Action for damages is barred by the one-year statute of limitations governing claims pursuant to TILA (15 U.S.C. § 1640(e)), Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. § 2614), and Homeowner's Equity Protection Act ("HOEPA") (15 U.S.C. §§ 1602, 1610, 1640). Motion Part B(1) at 5, ECF No. 5.

There is a one-year statute of limitations for a claim for damages under TILA. 15 U.S.C. §1640(e); *see also*, *Aschoff v. Osmund State Bank*, 760 F.2d 201, 202 (8th Cir. 1985) (TILA has one-year statute of limitations); *McDaniel v. Denver Lending Group, Inc.*, 2009 WL 1873581 at *14 (D. Colo.) (stating that statute begins to run from date of consummation of loan). Because HOEPA is an amendment of TILA, it shares the one-year statute of limitations. *See id.* Similarly, RESPA has a one-year statute of limitations. *See* 12 U.S.C. § 2607 (RESPA Reg. X, 24 C.F.R. § 3500.14) and 12 U.S.C. § 2614 (stating that statute of limitations for violations of RESPA (§ 2607) is one year of the date of the occurrence of the violation).

The one-year limitations period begins to run for TILA, RESPA, and HOEPA violations "when credit is extended through the consummation of the transaction between the creditor and a customer irrespective of the time of performance of either party." *Betancourt v. Countrywide Home Loans, Inc.,* 344 F. Supp. 2d 1253, 1258 (D. Colo. 2004); *Kamara v. Columbia Home Loans, LLC*, 654 F. Supp. 2d 259, 263–64 (E.D. Pa. 2009) (Claims accrue, for limitations purposes, when mortgagor signs mortgage loan.).

Recoupment is exempt from the one-year statute of limitations only when the debtor's claim is raised as a defense or counterclaim to the creditor's action to collect the debt. 17 *Am. Jur. 2d Consumer Protection* § 159 (citing *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 634 (5th Cir. 1986) (affirming district court's dismissal because monetary damages were barred by one-year statute of limitations and claim for rescission barred by three-year statute of limitations)). A debtor who brings a creditor into court may not revive a time-barred claim by characterizing the suit as a defense to an illegal claim.

The Savards appear to argue that they brought their lawsuit in response to JP Morgan's attempt to collect a debt under the guise of a foreclosure. Response to Motion to Dismiss, Part II(B)(3), ECF No.7. *See* Colo. R. Civ. P. 120. They argue that claims in the nature of setoff and recoupment must be filed in a separate case, not the Rule 120 action. They conclude that filing a new lawsuit was not raising a claim for damages; rather, it was actually raising a defense or a counterclaim of recoupment or offset. I am not persuaded.

A complaint brought after a Colo. R. Civ. P. 120 motion, is a new and separate action. *See* Colo. R. Civ. P. 120(d) ("The granting of any such motion shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction. . . ."); *see also*, *Boulder Lumber v. Alpine of Nederland, Inc.*, 626 P.2d 724, 725 (Colo. App. 1981) ("However, C.R.C.P. 120(d) prescribes that the granting of the motion for the order for sale [under Rule 120] is without prejudice to the right of any person aggrieved to seek injunctive relief. Therefore, it was proper to seek such relief in this separate action."). As in any other action, the Savards' claims must be brought within the statute of limitations.

Because the Complaint began an entirely new action, the claim cannot be characterized as counterclaim or a defense. Thus, it does not fit within the exception to 15 U.S.C. § 1640. The Savards' claim for damages under TILA, RESPA and HOEPA is time-barred. Accordingly, I shall grant JP Morgan's motion to dismiss as to the Savards' Third Cause of Action for Damages.

9

D. <u>Entitlement to Rescission</u>.

JP Morgan next asserts that the Savards have not stated a claim for a remedy of rescission. They argue that I should condition the Savards' right to a claim for rescission on their present ability to repay the loan proceeds. Motion at 7–8, ECF No. 5. The Savards claim that they are entitled to a rescission of the loan under federal and state law because they sent a Notice of Intent to Rescind to the lender on April 7, 2009. Compl. at ¶¶ 21 and 28, ECF No. 2.

15 U.S.C. § 1635 establishes the right of an obligor to rescind. *See id.*; *see also*, *Rachbach v. Cogswell*, 547 F.2d 502, 505 (10th Cir. 1976). Courts have the discretion to alter TILA's statutory scheme because rescission is an equitable remedy. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167 (9th Cir. 2003). In *Rachbach*, the Tenth Circuit specifically considered whether the debtor was required to pay or tender the balance due on the note as a prerequisite to rescission. It held that under TILA, "the tender back of consideration received is not a prerequisite to rescission." *Rachbach*, 547 F.2d at 505. "Section 1635(a) requires only that the obligor exercise his right of rescission by notifying the creditor within the prescribed time limit of his intent to rescind." *Id.*

"[W]hether a decree of rescission should be conditional depends upon 'the equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act.'" *Yamamoto*, 329 F.3d at 1171 (quoting *Palmer v. Wilson*, 502 F.2d 860, 862 (9th Cir. 1974)).

10

There is insufficient evidence before me to determine the equities of imposing a conditional rescission. Accordingly, I shall deny JP Morgan's motion to dismiss the Savards' claim of rescission based on the theory of conditional rescission.

It is ORDERED:

1. Defendant's Motion to Dismiss (ECF No. 5) is granted in part and denied in part;

2. the Motion is DENIED on the basis of insufficient process and insufficient service of process pursuant to Fed. R. Civ. P. Rules 12(b)(4) and 12(b)(5);

3. the Motion is DENIED as to the Savards' claim for rescission; and

4. the Motion is GRANTED as to the Savards' Third Cause of Action for Damages and Penalties pursuant to Fed. R. Civ. P. 12(b)(6).

DATED at Denver, Colorado, on July 14, 2010.

BY THE COURT:

s/Walker D. Miller
United States Senior District Judge