IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.      09-cv-02108-WDM-MJW

LARRY AND BARBARA SAVARD,

    Plaintiffs,

v.

JP MORGAN CHASE BANK, N.A., et al.,

    Defendants.
_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**
_____

    Pursuant to my July 14, 2010 order (ECF No. 37) granting in part and denying in part Defendants' motion to dismiss (ECF No. 5), the remaining threshold issue to be tried in this case was whether the Plaintiffs had the right to rescind their loan transaction with Washington Mutual Bank (WAMU), Defendant's predecessor interest, almost two years after the loan closing.[1]  Plaintiffs had that right only if WAMU had not delivered to them the required material disclosures at closing.  12 C.F.R. § 226.23(a)(3).  The first issue, therefore, is whether Defendant or its predecessor failed to properly disclose.  If so, the secondary issues become the terms and conditions of any rescission.

    At pretrial, the Plaintiffs emphasized two failures.  First, that Plaintiffs failed to disclose all of the prepaid finance charges resulting in an understatement of finance charges giving Plaintiffs the right to rescission.  Secondly, Plaintiffs asserted that they

---

[1] The parties filed motions for summary judgment ECF Nos. 66 and 72).  At the Final Trial Preparation Conference, I denied Defendant's motion (Min.Order, ECF No. 107) and reserved ruling on Plaintiffs' motion (Min.Order, ECF No. 107.

were not advised of their right to select their own insurance carrier.  As a consequence, insurance premiums should be considered as prepaid finance charges which were again undisclosed.  Belatedly at trial Plaintiffs began to argue that they did not receive adequate notice because they had not seen closing documents until closing and did not have sufficient time to read them then.  I ruled that this claim had not been adequately disclosed pretrial and the Plaintiffs would be prevented from making that argument since the Defendants had not been given notice or the opportunity to prepare for such argument.

The matter proceeded to trial on February 28 and March 1, 2011.  Exs.1-4, 6-10, 31, 33, 11, 36, 34, 38 and 44 were admitted and Ex. 45 was tendered as a demonstrative exhibit without objection from Plaintiff.

Based upon the evidence presented, the file and the record of these proceedings, I enter the following findings of fact and conclusions of law:

### Findings of Fact

1. This case concerns an $819,000 loan obtained by the Plaintiffs from WAMU which was secured by a residence the Plaintiffs built.

2. Defendant Bank is the successor in interest to WAMU.

3. The Plaintiffs applied for the loan through a mortgage broker with whom they had previously dealt and in whom they placed confidence.

4. Initially they sought approximately $20,000 to complete improvements on their residence.  In response to the encouragement of the mortgage broker to apply for as much money as they could, Plaintiffs ultimately borrowed $819,000, with $159,803.80 paid to them at closing.  *See* Ex. 6.

5.  The closing occurred on May 7, 2007 as summarized in the HUD settlement statement (Ex. 6); Truth and Lending Disclosure (Ex. 7) and Estimated Disbursement Statement (Ex. 8).

6.  Exhibit 7 contains the material disclosures of annual percentage rate, finance charge, amount financed, total of payments and payment schedule.

7.  Exhibit 7 advises the Plaintiffs that he may obtain property insurance from anyone he wishes that is acceptable to WAMU.

8.  Exhibit 7 is in the format prescribed in Appendix H-2 to Regulation Z.

9.  The difference between the identified "amount financed" of $814,316.91 shown on Ex. 7 and the loan amount of $819,000 is $4,683.09 and is considered prepaid finance charges pursuant to 11 C.F.R. § 226.18(d).

10.  The disbursements made at closing are set forth in the Settlement Statement. Ex. 6. In addition to disbursements to lenders and the Plaintiffs, $8,747.23 of settlement charges are shown. Several charges are considered prepaid finance charges and several are not. The parties agree that the following item numbers shown on Ex. 6 are prepaid finance charges: nos. 808 ($430); 809 ($200); 810 ($81); 812 ($35); 901 ($3,534.09); 1101 ($200); 1112 ($75); and $1113 ($30). These total $4,584.09.

11.  Plaintiffs assert that all title insurance cost of $1,457 should be also included because it is based upon a $840,000 value, $21,000 more than the actual loan of $819,000. No evidence is presented of the difference in cost between $819,000 and $840,000 in title insurance.

12.  The Plaintiffs testified that they did not read the closing documents although

they had the opportunity to do so at closing.

13.  Plaintiff Larry Savard testified that he signed blank documents in the office of the mortgage broker and relied entirely upon her without checking the accuracy.

14.  Neither Plaintiff can point to any particular failure of disclosure before or at closing.

## Conclusions of Law

1.  Plaintiffs initiated this action in Park County District Court of the State of Colorado seeking various remedies for alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq* and related statutes and regulations.  The action was removed to this court which has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).

2.  The sole remaining claim is for rescission under rights established by TILA which allows rescission up to three years after closing if the lender failed to make all material disclosures. 12 CFE § 226.23(a)(3).

3.  The Plaintiffs have the burden of proof by a preponderance of evidence that the Defendant or its predecessor failed to make all material disclosures.  *Smith v. Argent Mort. Co., LLC,* 2007 WL 4105192 (D.Colo); *also Ross v. Citifinancial Mort. Co., Inc.*, 338 B.R. 266 (ED Pen. 2006).

4.  The Plaintiffs have failed to sustain their burden of proof to demonstrate that the Defendant or its predecessor WAMU failed to notify the Plaintiffs of their right to purchase their own insurance as such notification is contained in Exhibit 7 received by them and signed at closing.  *See* Ex. 7.

4

5. The Plaintiffs failed to sustain their burden of proof to demonstrate that Defendant or its predecessor WAMU failed to adequately disclose the prepaid finance charges as the evidence demonstrates that the prepaid finance disclosure was for $4,683.09. Of the items for which there is agreement, the prepaid finance charges totaled $4,584.09. Plaintiffs have failed to prove any other undisclosed finance charge or what increased cost, if any, was imposed for title insurance at the rate for $840,000 as opposed to $819,000 and the materiality of any difference. Since the disclosed amount of prepaid finance charges exceeds the finance charges actually proved, there is no violation of TILA. 12 C.F.R. § 226.18(d)(1)(ii) (Amount disclosed is treated as accurate if it "is greater than the amount required to be disclosed.")

It is therefore ordered:

1. The Plaintiffs' complaint shall be dismissed with prejudice;

2. Plaintiffs' motion for summary judgment (ECF No. 72) is denied as moot;

3. The injunction is discharged;

4. Judgment shall enter in favor of Defendants JP Morgan Chase Bank N.A. and Michelle A. Miller, as Public Trustee for Park County, Colorado, and against the Plaintiffs Larry Savard and Barbara Savard, jointly and severally, and

5

    5.  Defendants may have their costs pursuant to 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED at Denver, Colorado, on March 3, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge